1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

7  GARDEN CITY BOXING CLUB, INC.,                )
8              Plaintiff,                        )      Case No.  2:07-cv-01571-JCM-GWF
                                                 )
9  vs.                                           )      **ORDER AND FINDINGS AND**
                                                 )      **RECOMMENDATION**
10 MONICA GODINEZ, *et al.*,                     )
                                                 )      **Motion to Compel Discovery Responses**
11             Defendants.                       )      **– #59**
   _____)
12

13         This matter is before the Court on Plaintiff Garden City Boxing Club, Inc.'s Motion to Compel

14 Discovery Responses and Request for Sanctions (Dkt. #59), filed on January 23, 2009 and Plaintiff's

15 Supplement to Motion to Compel Discovery Responses and Request for Sanctions (Dkt. #67), filed on

16 February 24, 2009.  On March 3, 2009, Defendant Godines failed to appear for a hearing on Plaintiff's

17 motion and no opposition has been filed in response to Plaintiff's motion.

18                                        **BACKGROUND**

19         Plaintiff's Complaint (Dkt. #1), filed on November 26, 2007, alleges that Defendants violated

20 the provisions of 47 U.S.C. §605 and 47 U.S.C. §553 by infringing on Plaintiff's exclusive nationwide

21 television distribution rights to the *Marco Antonio Barrera vs. Eric Morales* boxing match broadcast

22 on November 27, 2004.  Defendants allegedly televised the match at their restaurants without license to

23 do so.  Plaintiff seeks the recovery of statutory damages under Sections 605 and 553 and also seeks

24 compensatory and punitive damages for common law conversion.

25         Defendant Godines, acting in *pro se*, filed her Answer (Dkt. #21) on December 17, 2007.

26 According to Plaintiff, since filing her answer, Defendant Godines has not cooperated or participated in

27 discovery unless ordered to do so by the Court.  In particular, Plaintiff states that Defendant Godines

28 failed to appear for a Fed.R.Civ.P. 26(f) conference that Plaintiff's counsel attempted to schedule.

1  Defendant Godines also failed to participate in preparing a joint proposed discovery plan and

2  scheduling order.  Plaintiff therefore filed its proposed Independent Discovery Plan and Scheduling

3  Order (Dkt. #31) on February 14, 2008.  The Court set a status conference regarding the discovery plan

4  for February 22, 2008.  (Dkt. #32).  Defendant Godines failed to appear at the conference and the Court

5  therefore entered a scheduling order (Dkt. #35) on February 22, 2008.  According to Plaintiff,

6  Defendant Godines failed to make initial disclosures pursuant to Fed.R.Civ.P. 26(a).  She also failed to

7  participate in filing a joint interim status report as required by the discovery plan and scheduling order

8  (Dkt. #35), failed to serve responses to Plaintiff's interrogatories and requests for production, and failed

9  to timely respond to Plaintiff's requests for admissions.

10      On September 1, 2008, Plaintiff filed a Motion for Summary Judgment, claiming Defendant

11  Godines's failure to reply to Plaintiff's Requests for Admission provided a sufficient basis for summary

12  judgment.  (Dkt. #46).  Plaintiff contended that Defendant's failure to respond should be construed as

13  Defendant's admission to all requests for admission propounded by Plaintiff and that such admissions

14  provided the basis for summary judgment.  (*Id.*)  Defendant Godines filed an Opposition to the Motion

15  for Summary Judgment (Dkt. #49) and a Motion to Permit Late Filing of Answers to Plaintiff's

16  Requests for Admission (Dkt. #50) on October 1, 2008.  The Court issued an Order permitting

17  Defendant Godines to file her responses to Plaintiff's Requests for Admission by October 17, 2008.

18  (Dkt. #54).  According to Plaintiff, five days after the deadline set by the Court, on October 22, 2008,

19  Defendant Godines untimely served her responses to Plaintiff's Requests for Admission.

20      In January 2009, the Court issued an Order to Show Cause to Defendant Godines (Dkt. #62), to

21  show cause why the Court should not enter default judgment against Defendant due to her failure to file

22  a joint pretrial order in violation of a prior order of the Court.  Defendant Godines responded to the

23  Court's Order to Show Cause on February 9, 2009 and indicated that she would file her responses to

24  Plaintiff's requests for production and interrogatories by February 13, 2009.  (Dkt. #64).  As of March

25  3, 2009, Plaintiff's counsel stated she had yet to receive any discovery responses from Defendant

26  Godines.

27                                    **DISCUSSION**

28      Pursuant to Fed.R.Civ.P. 37(d)(1) and (3), the Court may impose sanctions authorized under

Rule 37(b)(2)(A)(I)-(vi) on a party who fails to respond to interrogatories and requests for production of documents.  No prior court order is required under Rule 37(d) for sanctions to be imposed.  Sanctions under this section, however, are limited to situations in which there is a complete failure to respond to interrogatories or requests for production or where the response is so evasive or misleading as to constitute no response at all.  *Fjelstad v. American Honda Motor Co., Inc.*, 762 F.2d 1334, 1339-40 (9th Cir. 1985), *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1363 (Fed. Cir. 1990).

Fed.R.Civ.P. 37(c)(1) also provides that if a party fails to disclose information or witnesses as required by Rule 26(a), the party is not allowed to use the undisclosed information or witnesses to supply evidence in the case unless the failure was substantially justified or harmless.  The court may also order the party to pay the other party's reasonable expenses, including attorney's fees, and the court may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(I)-(vi). Fed.R.Civ.P. 16(f) also states that the court may impose sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party or its attorney fails to appear at a scheduling or other pretrial conference.

When sanctions are warranted, the court must also determine the appropriate level or severity of sanctions based on the particular circumstances of the case.  Generally, the severe sanction of dismissal or striking a defendant's answer is the last rather than the first resort.  *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993), states:

> Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir. 1991) (citations and internal punctuation omitted).

 The key factors are prejudice and the availability of lesser sanctions.  *Henry,* 983 F.2d at 948, *citing Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).  For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party.  *Henry*, 983 F.2d at 947-48, *citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985).  *See also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) and *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir. 1998).  Disobedient

conduct not shown to be outside the control of the litigant is all that is required to demonstrate

willfulness, bad faith or fault. *Henry,* 983 F.2d at 948, *citing Fjelstad,* 762 F.2d at 1341.  In deciding

whether dismissal or default is warranted, the court may consider all of the offending party's discovery

conduct.  *Henry,* 983 F.2d at 947, *citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir.

1990).

In *Henry*, the court stated that a defendant suffers prejudice if plaintiff's actions impair

defendant's ability to go to trial or threaten the rightful decision of the case.  It noted that as a result of

plaintiff's wrongful delaying actions, a key witness for defendant became unavailable to participate in

the defense.  The court also found that lesser sanctions had been tried to obtain plaintiff's compliance

and had failed.  The court also held that plaintiff's failure to produce documents, his disregard for

discovery orders and his repeated failure to appear for his deposition justified the conclusion that his

conduct was willful, in bad faith or at fault. *Id.,* at 949.  The court therefore held that dismissal was an

appropriate sanction.

In *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998),

the court stated that it is not always necessary for the court to impose less severe sanctions first, or to

give any explicit warning of the dismissal sanction in order for the sanction of dismissal to be proper.

The court stated:

> What is most critical for case-dispositive sanctions, regarding risk of
> prejudice and of less drastic sanctions, is whether the discovery violations
> "threaten to interfere with the rightful decision of the case." *Adriana*, 913
> F.2d at 1412. While contumaciousness toward the court needs a remedy,
> something other than case-dispositive sanctions will often suffice.
> Dismissal is appropriate where a "pattern of deception and discovery
> abuse made it impossible" for the district court to conduct a trial "with
> any reasonable assurance that the truth would be available." *Id.,* at 1057-
> 58, *citing Anheuser-Busch, Inc.,* 69 F.3d at 352.

*Id.*, at 1057-58.

Prior to filing its instant motion, Plaintiff did not move for an order pursuant to Rule 37(a)

compelling Defendant Godines to provide responses to Plaintiff's discovery requests or to provide

initial disclosures.  However, on January 27, 2009, in the Court's Order to Show Cause, the Court

warned Defendant Godines that severe sanctions may be imposed for her failure to provide discovery or

comply with court orders.  (Dkt. #62).  The Court also notes that Defendant Godines is not represented

1  by counsel.  It is apparent, however, that Defendant Godines has not participated in good faith or

2  otherwise in the discovery and the pre-trial process and that she has no intention of even attempting to

3  comply with her discovery and other pre-trial obligations.

4        Defendant did not participate in the Rule 26(f) conference that Plaintiff's counsel attempted to

5  schedule, and she did not participate in preparing or submitting a proposed discovery plan and

6  scheduling order.  Defendant has not responded to interrogatories and requests for production of

7  documents served upon her in June 2008.  In addition, Defendant Godines did not timely respond to

8  Plaintiff's Requests for Admissions, waiting more than four months to respond, and she did not serve

9  initial disclosures pursuant to Fed.R.Civ.P. 26(a)(3).  Defendant also failed to respond to Plaintiff's

10  written attempts to schedule a joint status conference and failed to participate in the drafting of a Joint

11  Interim Status Report.

12        Through the Court's January 27, 2009 Order to Show Cause (Dkt. #62), Defendant Godines has

13  been put on notice of the potential for severe sanctions if she continued to refuse to participate in

14  discovery.  Despite notice that failure to provide discovery responses could lead to default judgment,

15  Defendant has still failed to respond to Plaintiff's discovery requests.

16        Defendant Godines' only action since filing and serving her Answer appears to have been to

17  request additional time to serve responses to Requests for Admissions after Plaintiff filed its Motion for

18  Summary Judgment.  Finally, Defendant Godines has failed to respond to Plaintiff's Motion to Compel

19  and Request for Sanctions.  Local Rule (LR) 7-2 (d) provides that the failure to file points and

20  authorities in response to any motion shall constitute a consent to the granting of the motion.

21  <u>**CONCLUSION**</u>

22        The record in this case demonstrates that Defendant Godines has willfully and in bad faith failed

23  to respond to Plaintiff's discovery requests or to comply with her other pretrial obligations.  Under

24  these circumstances, the Court finds that imposition of severe sanctions under Rule 37(b)(2)(A) are

25  justified.  The Court also finds that the $2,500.00 for attorney's fees and costs requested by Plaintiff for

26  the time and effort incurred in preparing the motion is clearly reasonable and that it is unnecessary to

27  require Plaintiff to submit a separate application justifying its application for fees and costs.

28  Accordingly,

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions (Dkt. #59) is **GRANTED** in regard to Plaintiff's request for an award of attorney's fees and costs in the amount of $2,500.00.

**IT IS FURTHER ORDERED** that Defendant Godines shall pay to Plaintiff the sum of $2,500.00 within thirty (30) days of the filing of this Order.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant's Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions (Dkt. #59) be **GRANTED** and that Defendant Godines' Answer to the Complaint be stricken and her default entered.

**NOTICE**

Pursuant to Local Rules IB 3-1 and 3-2, any objection to this Order and Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn,* 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of March, 2009.

_George Foley Jr._
_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE

6